**In re Karen V. JACOBS, Debtor.**

No. 05–01744.

United States Bankruptcy Court,
District of Columbia.

March 9, 2006.

Henry N. Schiffman, Reston, VA, for Debtor.

*ORDER DENYING REQUEST FOR HEARING TO BAR ENTRY OF DISCHARGE AND DIRECTING THE CLERK OF THE COURT TO ENTER DISCHARGE*

S. MARTIN TEEL, JR., Bankruptcy Judge.

On January 24, 2006, the court entered its Order and Notice re Opportunity to Request Hearing under 11 U.S.C. Section 727(a)(12) to Bar Entry of Discharge (D.E. No. 17), which gave notice to any party in interest to the debtor's case that a request for a hearing to consider barring the entry of the debtor's discharge needed to be filed within twenty-one days of the entry of the court's order. The court has received one such request from the debtor's landlord. Consequently, the court must decide whether a hearing is necessary based on the substance of the request before it can enter a valid discharge pursuant to 11 U.S.C. § 727.[1]

The court concludes that the landlord's request should be denied. Section 727 of the Bankruptcy Code provides that

(a) The court shall grant the debtor a discharge, unless–

(12) the court after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge finds that there is reasonable cause to believe that–

(A) section 522(q)(1) may be applicable to the debtor; *and*

(B) there is pending any proceeding in which the debtor may be found guilty of a felony of the

---

1. The court erroneously entered an order discharging the debtor without having considered the landlord's request on February 28, 2006 (D.E. No. 20). That order was vacated by the court on March 7, 2006.

kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

11 U.S.C. § 727(a)(12) (emphasis added).

Section 522(q)(1) of the Bankruptcy Code, in turn, provides that

(q)(1) As a result of electing under subsection (b)(3)(A) to exempt property *under State or local law,* a debtor may not exempt any amount of an interest in property described in subparagraphs (A), (B), (C) and (D) of subsection (p)(1) which exceeds in the aggregate $125,000 if–

(A) the court determines, after notice and a hearing, that the debtor has been convicted of a felony (as defined in section 3156 of title 18), which under the circumstances, demonstrates that the filing of the case was an abuse of the provisions of this title; or

(B) the debtor owes a debt arising from–

(i) any violation of the Federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934), any State securities laws, or any regulation or order issued under Federal securities laws or State securities laws;

(ii) fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under section 12 or 15(d) of the Securities Exchange Act of 1934 or under section 6 of the Securities Act of 1933;

(iii) any civil remedy under section 1964 of title 18; or

(iv) any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years.

11 U.S.C. § 522(q)(1) (emphasis added).

It would strain the faculties of the layperson and the lawyer alike to try to understand why Congress linked these statutes together in the manner provided by § 727(a)(12).[2] Nevertheless, the gist of the provision is that a debtor will not receive a discharge if (1) the debtor is subject to § 522(q)(1) (*i.e.,* has elected to exempt property under state or local law rather than under the federal exemptions contained in § 522(d)) *and* (2) the debtor has (a) been convicted of a type of felony that suggests that her bankruptcy filing is abusive, (b) violated certain federal securities laws, or (c) engaged in criminal, intentional, or reckless misconduct leading to

---

**2.** The House Report preceding the passage of § 330 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8 (2005), states that § 727(a)(12) was designed

to require the court to withhold the entry of a debtor's discharge order if the court, after notice and a hearing, finds that there is reasonable cause to believe that there is a pending proceeding in which the debtor may be found guilty of a felony of the kind described in Bankruptcy Code section 522(q)(1) or liable for a debt of the kind described in Bankruptcy Code section 522(q)(2).

H.R.Rep. No. 31, 109th Cong., 1st Sess. 330 (2005), U.S.Code Cong. & Admin.News 2005, pp. 88, 150.

This language explains the existence of § 727(a)(12)(B), but it does not account for § 727(a)(12)(*A*), which sets forth the threshold requirement that the debtor elect to use state or local exemptions rather than the exemptions provided by § 522(d). Without any legislative history suggesting an alternative meaning for this provision, the court must interpret sub-section (A) according to its plain meaning.

the serious physical injury or death of another person in the previous five years.

The debtor in this case has elected to use the federal exemptions provided by § 522(d) rather than the applicable state or local exemptions. Consequently, she is not subject to § 522(q)(1) and, by extension, § 727(a)(12). The debtor's landlord's request that the court bar the entry of the discharge pursuant to that same provision must fail. For that reason, it is

ORDERED that the sole request for a hearing to bar entry of the discharge filed in this case (D.E. No. 19) is DENIED; and it is further

ORDERED that the clerk of the court enter a discharge of the debtor's debts pursuant to 11 U.S.C. § 727 upon the entry of this order.